UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
(at Montgomery)

| | |
|---|---|
| SHEILA CARDWELL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 15-869-DCR |
| ) | |
| V. ) | |
| ) | |
| SECURITAS CRITICAL ) | **MEMORANDUM OPINION** |
| INFRASTRUCTURE SERVICES, INC., ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 19, 2015, Sheila Cardwell filed this action under the Family Medical Leave Act (hereafter, "FMLA" or the "Act"), 29 U.S.C. § 2601 *et seq.*, alleging that the defendant, her former employer, interfered with her right to obtain benefits under the Act. [Record No. 1] The defendant filed a timely motion to dismiss for failure to state a claim under Rule 12 (B)(6) of the Federal Rules of Civil Procedure. On July 15, 2016, while the motion to dismiss was still pending, Cardwell was granted leave to file an Amended Complaint. [Record No. 18] Having been granted a right-to-sue letter by the EEOC, Cardwell added claims of disability and age discrimination. The motion to dismiss, which is now construed as a motion to dismiss the Amended Complaint [*see* Record No. 19], is pending for the Court's consideration.

**I.**

Cardwell is female and in her mid-fifties. She was employed by Pinkerton Government Services, which was acquired by Defendant Securitas Critical Infrastructure Services, Inc. ("SCIS") around 2011. [Record No. 18, ¶¶ 4, 6] While working as a security officer for the

-1-

defendant, she was primarily assigned to work at Sikorsky Aircraft in Troy, Alabama. *Id.* at ¶ 7. Plaintiff contends that, aside from very minor issues, she was never reprimanded for the quality of her work. *Id.*

At some point, Cardwell advised management at both Sikorsky and SCIS that she suffered from high blood pressure. *Id.* at ¶ 8. Cardwell reports that management of both companies knew that she received medical care for this condition and would occasionally need to miss work. *Id.* On March 27, 2015, Cardwell experienced "an immediate attack of chest pains." *Id.* at ¶ 9. Cardwell contends the pain was so severe, she believed she was having a heart attack or stroke. *Id.* She felt required to "immediately leave work to go home, to seek relief from the pain, and see whether she needed to go to the hospital." *Id.* Before leaving work, Cardwell informed Sikorsky's human resources manager and he consented. *Id.* at ¶ 10. She also informed the human resources manager that she would alert someone from SCIS regarding the situation. *Id.*

Cardwell contends there was not an SCIS supervisor on site. As a result, she called Lt. Mike Burroughs of SCIS before leaving Sikorsky. *Id.* at ¶ 11. Cardwell contends that Burroughs told her "ok" and informed her that he would have someone at Sikorsky replace her. *Id.* at ¶ 12. Burroughs asked her if she had talked with "the captain," and she explained that she had not, because she was concerned about her health. *Id.* Cardwell asked Burroughs if he would talk to the captain on her behalf, and Burroughs agreed. *Id.*

On March 30, 2015, Cardwell went to her doctor who confirmed that her blood pressure was very high. *Id.* at ¶ 13. The doctor instructed Cardwell to return home and rest. The same

day, Cardwell contacted Captain Bestiline and reported the situation with her blood pressure.[1] Captain Bestiline informed Cardwell that she "had been taken off the schedule, until [Bestiline] could talk with someone else higher up than him." *Id.* Within the following week, Cardwell also discovered that she was suffering from shingles. *Id.* at ¶ 14. After a prescribed course of medication, however, she was "soon doing fine." *Id.*

On April 8, 2015, Cardwell received a letter from SCIS notifying her that her employment was terminated. *Id.* at ¶ 15. SCIS stated that Cardwell had left her post without proper relief or authorization from her supervisor or that she had engaged in "no call no show" conduct. *Id.* Cardwell contends that these reasons are inaccurate and are a mere pretext for the actual reasons for her termination—namely, because of her age, SCIS's perception that she was suffering from a disability, and the likelihood that she would request FMLA leave. *Id.* at ¶ 16.

## II.

In considering the defendant's motion to dismiss under Rule 12(b)(6), the allegations of the Amended Complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

---

[1] The plaintiff is uncertain regarding the correct spelling of Captain Bestiline's name. Additionally, it is unclear whether this is the "captain" referred to in Paragraph 12.

short of the line between possibility and plausibility of entitlement to relief." *Id.* The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III.

The FMLA provides, in part, as follows:

> The term "eligible employee" means an employee who has been employed—
>
> (i) for at least 12 months by the employer with respect to whom leave is requested under [the Act]; and
>
> (ii) for at least 1,250 hours of service with such employer during the previous 12-month period. . . .
>
> The term "eligible employee' does not include—
>
> (ii) any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

29 U.S.C. § 2611(2)(A), (B).

SCIS contends that Cardwell has failed to allege sufficient facts to establish that she is an eligible employee under the Act. While Cardwell became employed by the defendant in 2011 or earlier, she makes no allegations regarding the number of hours she worked during her employment period. Further, her Complaint and Amended Complaint are devoid of any allegation regarding the number of employees at her worksite or those within 75 miles. SCIS correctly argue that these deficiencies warrant dismissal of the FMLA claim.

To state a claim of interference under the FMLA, a plaintiff must allege sufficient facts to plausibly suggest that she was entitled to a benefit under the Act and that she was denied that benefit. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239 (11th Cir. 2015) (citing

*Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206–07 (11th Cir. 2001)). Conclusory allegations are not sufficient with respect to the "eligible employee" requirement. *See id*. at 1247.

In *Surtain*, the plaintiff sued her former employer on a variety of claims, including interference under the FMLA. After the employer did not file an answer, Surtain moved for default judgment. Although Surtain alleged that she had worked for the defendant employer for more than 12 months, she made no allegations concerning her length of employment or the number of employees. *Surtain v. Hamlin Terrace Found.*, No. 12-81401, 2014 WL 11443907, at *5 (S.D. Fla. May 20, 2014). There were no facts from which the court could reasonably infer that the plaintiff was an eligible employee within the meaning of the Act. Because the standard for default judgment is akin to that for a motion to dismiss under Rule 12(b)(6), the court denied the plaintiff's motion for default judgment. On appeal, the Eleventh Circuit agreed that Surtain's complaint contained insufficient allegations to state a plausible claim under the FMLA.[2]  *Surtain*, 789 F.3d at 1248. *See also Shanks v. Potter*, 451 F. App'x 815 (11th Cir. 2011) (affirming dismissal of FMLA claim where plaintiff failed to plead sufficient facts regarding "eligible employee" status).

In her memorandum in response to the motion to dismiss, Cardwell argues that SCIS was her employer—not Sikorsky, and that SCIS's headquarters is the worksite for purposes of

---

[2] In *Surtain*, the Eleventh Circuit reversed and remanded the district court's *sua sponte* dismissal of the plaintiff's FMLA interference claim. 789 F.3d at 1248. Dismissal on the merits is appropriate only when the party who brought the suit has been given notice and a chance to respond. *Id.* (citations omitted). Unlike the instant matter, Surtain had not received notice that her FMLA claim was deficiently pled. It is noteworthy that the FMLA allegations in the Amended Complaint, which was filed after the defendant's motion to dismiss, are the same as those in the original Complaint.

29 U.S.C. § 2611(2)(B)(ii).  She did not amend her Complaint, however, to include an allegation regarding the "worksite requirement."  Further, Cardwell has entirely failed to address the § 2611(2)(A)(ii) requirement that she must have worked at least 1,250 hours with SCIS during the previous 12-month period.  Each of these elements is required to state a claim under the FMLA.

The Court follows a two-pronged approach in evaluating the sufficiency of a complaint: (1) eliminate any allegations in the complaint that are mere legal conclusions; and (2) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly suggest entitlement to relief.  *Iqbal*, 556 U.S. 662 (2009).  With respect to Cardwell's status as an eligible employee, she has offered little more than legal conclusions.  Once those conclusions are omitted from the Amended Complaint, the Court is left with nothing more than a statement regarding the duration of the plaintiff's employment.  The allegations that remain do not suggest that Cardwell is an eligible employee under the Act.

Accordingly, it is hereby

**ORDERED** that the defendant's motion to dismiss the plaintiff's claim under the Family Medical Leave Act [Record No. 10] is **GRANTED**.  This holding does not affect the plaintiff's remaining discrimination claims as alleged in the Amended Complaint.

This 21st day of October 21, 2016.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge